# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

(D-5) QUINCY GRAHAM,

        Defendant.

Criminal Number: 15-20652
Hon. George Caram Steeh

---

## MOTION TO PRODUCE ALL CO-DEFENDANTS' STATEMENTS THAT THE GOVERNMENT INTENDS OFFERING IN EVIDENCE

Defendant, **(D-5) QUINCY GRAHAM**, by his counsel, **MICHAEL A. RATAJ**, and moves this Court for the production of all Co-Defendants' statements that the Government intends offering in evidence. In support of this Motion, Defendant Quincy Graham states as follows:

1. Defendant Quincy Graham is charged in the Second Superseding Indictment with Count 1, Racketeer Influenced Corrupt Organization-Conspiracy in violation of *18 U.S.C. §1962(d)*; Count 26, Possession of a Firearm in Furtherance of a Crime of Violence in Violation of 18 U.S.C. § 924(c); 2; and Count 28, Felon in Possession of a Firearm, in violation of *18 U.S.C. § 922(g)(1)*.

2. Defendant Quincy Graham is charged with Operating a Criminal Enterprise in violation of *18 U.S.C. § 1962(d)*. Counts 1, paragraph 10 of the

1

Second Superceding Indictment alleges in part that Quincy Graham is a member of the Seven Mile Bloods, which the Government alleges is a criminal enterprise. Paragraph 10 in Count 1 further alleges that the Defendants:

"[d]id knowingly, willfully and unlawfully combine, conspire, confederate, and agree with one another to violate Title 18, United States Code, Section 1962(c); that is to conduct and participate, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and (5), consisting of:

    a.    Multiple threats and acts involving murder, in violation of Michigan Compiled Laws, Sections 750.316(1), 750.83, 750.157a(a), and 767.39; and

    b.    Multiple offenses involving conspiracy to distribute and distribution of controlled substances in violation of Title 21, United States Code, Sections 841 and 846;

    c.    Multiple acts indictable under Title 18, United States Section 1512.

3.    The Government has charged the Defendant Quincy Graham and fourteen (14) other individuals in a Second Superceding Indictment.

4. It appears that several Co-Defendants have made statement(s) to law enforcement implicating themselves and possibly Defendant Quincy Graham, either directly or indirectly.

5. That if any such statements exist, these statements would give rise for a motion for severance or other relief in the form of a Motion in Limine regarding violation of Defendant Quincy Graham's confrontation rights.

6. A hearing on this motion may not be deemed mandatory. However, Defendant Quincy Graham requests a hearing.

7. Concurrence with the Government was sought on July 18, 2016, and the Government has "reserved concurrence or objection until further review."

8. The facts and law in support of this motion are more fully set forth in the accompanying Brief.

**WHEREFORE**, Defendant, **(D-5) QUINCY GRAHAM**, respectfully requests that the Court order the Government to provide to Defendant Quincy Graham any statement made by a Co-Defendant which the Government intends to offer into evidence during its case in chief, during cross-examination of any defendant who might elect to testify, or in rebuttal.

Respectfully submitted,

/s/ Michael A. Rataj
MICHAEL A. RATAJ (P43004)
Attorney for D-5 Quincy Graham
615 Griswold, Suite 1116
Detroit, MI 48226
313-963-4529

Dated: July 19, 2016

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Criminal Number: 15-20652
Hon. George Caram Steeh

(D-5) QUINCY GRAHAM,

    Defendant.

---

## BRIEF IN SUPPORT OF MOTION TO PRODUCE ALL CO-DEFENDANTS' STATEMENTS THAT THE GOVERNMENT INTENDS OFFERING IN EVIDENCE

# TABLE OF CONTENTS

| | Page |
|---|---|
| INDEX OF AUTHORITIES | ii |
| STATEMENT OF ISSUE | iii |
| STATEMENT OF CONTROLLING AUTHORITY | iv |
| ARGUMENT | 1 |
| DEFENDANT QUINCY GRAHAM SHOULD BE ALLOWED TO INSPECT OTHER CO-DEFENDANTS' STATEMENTS BEFORE TRIAL IN ORDER TO DETERMINE IF PREJUDICE WOULD RESULT FROM THE ADMISSION OF THOSE STATEMENTS AT TRIAL | 1 |
| RELIEF SOUGHT | 2 |

# INDEX OF AUTHORITIES

Page

## FEDERAL CASES

| | |
|---|---|
| *Bruton v. United States*, 391 U.S. 123 (1968) | 1 |
| *Crawford v. United States*, 541 U.S. 36 (2004) | 1, 2 |
| *Gray v. Maryland*, 523 U.S. 185, 192 (1998) | 1 |
| *Richardson v. Marsh*, 481 U.S. 100 (1987) | 1 |

## FEDERAL STATUTES AND COURT RULES

| | |
|---|---|
| *18 U.S.C. § 1512* | 1 |
| *18 U.S.C. § 1962(d)* | 1 |
| *18 U.S.C. §2312* | 1 |
| *21 U.S.C. §841* | 1 |
| *21 U.S.C. §846* | 1 |
| *Fed. R. Crim. P. 14* | iv, 1 |

## STATE STATUTES

| | |
|---|---|
| *MCL 750.316(1)* | 1 |
| *MCL 750.83* | 1 |
| *MCL 750.157a(a)* | 1 |
| *MCL 767.39* | 1 |

## STATEMENT OF ISSUE

**WHETHER DEFENDANT QUINCY GRAHAM SHOULD BE ALLOWED TO INSPECT OTHER CO-DEFENDANTS' STATEMENTS BEFORE TRIAL IN ORDER TO DETERMINE IF PREJUDICE WOULD RESULT FROM THE ADMISSION OF THOSE STATEMENTS AT TRIAL**

## STATEMENT OF CONTROLLING AUTHORITY

*Fed. R. Crim. P. 14* provides for inspection of Co-Defendants' statements to determine prejudice. In light of this rule, the Defendant's proposed procedure is therefore both acceptable and more efficient than requiring an *in camera* inspection.

## ARGUMENT

### DEFENDANT QUINCY GRAHAM SHOULD BE ALLOWED TO INSPECT OTHER CO-DEFENDANTS' STATEMENTS BEFORE TRIAL IN ORDER TO DETERMINE IF PREJUDICE WOULD RESULT FROM THE ADMISSION OF THOSE STATEMENTS AT TRIAL

Rule 14(b) of the Federal Rules of Criminal Procedures contemplates that the Government may be ordered to produce defendants' statements, at least, in camera in order that the court may determine which statements are subject to exclusion under *Bruton v. United States*, 391 U.S. 123, 127 (1968).

In *Bruton*, the Supreme Court held that the admission of a defendant's confession, which facially incriminates a co-defendant in a joint trial, violates a co-defendant's Sixth Amendment confrontation right when the defendant who made the statement does not testify at trial. Although "in some contexts" a limiting instruction can suffice regarding "inadmissible hearsay or other evidence," in the context of an incriminating extra judicial statement of a co-defendant the "risk that the jury will not, or cannot, follow instructions is so great and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id. at 135*. In short, a limiting instruction could not alleviate the error. Subsequently, the Court allowed redacted confessions that were "not incriminating on its face" and replacing the defendant's name with a

1

redaction. *Richardson v. Marsh, 481 U.S. 100 (1987)*; *Gray v. Maryland, 523 U.S. 185, 192 (1998).*

However, more recently, the Supreme Court in *Crawford v. United States, 541 U.S. 36, 40 (2004)* set forth a rule that undoubtedly undercuts the principles in *Richardson* and *Gray*. Disclosure is now necessary because any "testimonial" statement by a co-defendant, whether incriminating to another defendant, is excludable, unless that defendant testifies at trial and is subject to cross-examination, *id. at 40,* (admission of a co-defendant's custodial statement denied defendant his Sixth Amendment right to confrontation). Redaction will not satisfy the dictates of *Crawford*.

Presumably each party knows if he gave a statement to the authorities. As such, there is no harm in advising every other defendant that a non-cooperating co-defendant has provided a statement. The procedure contemplated by Defendant Quincy Graham is the best use of resources and the one most likely to avoid last minute pre-trial or, far worse, mid-trial problems and motions for mistrial.

## RELIEF SOUGHT

**WHEREFORE**, Defendant, **(D-5) QUINCY GRAHAM**, respectfully requests that this Honorable Court order the Government to provide Defendant Quincy Graham with any statement made by a Co-Defendant which the

Government intends offering into evidence during its case in chief, during cross-examination of any defendant who might elect to testify, or in rebuttal.

**Respectfully submitted,**

/s/ Michael A. Rataj
**MICHAEL A. RATAJ (P43004)**
**Attorney for D-5 Quincy Graham**
**615 Griswold, Suite 1116**
**Detroit, MI 48226**
**313-963-4529**

Dated: July 19, 2016

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN )
)ss:
COUNTY OF WAYNE )

Michael A. Rataj hereby states that on July 19, 2016, I electronically filed *Motion to Produce all Co-Defendants' Statements That the Government Intends Offering in Evidence, Brief in Support of Motion and Proof of Service* with the Clerk of the Court using the ECF system which will send notification of such to the following:

Christopher Graveline at Graveline2@usdoj.gov

And I hereby certify that I have mailed by United States Postal Service the above mentioned documents to the following non-ECF participants:

None

                                    Michael A. Rataj
                                    MICHAEL A. RATAJ