UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,              Case No.  15-20652-05
                                                HON.  GEORGE CARAM STEEH
          vs.

QUINCY GRAHAM,

                        Defendant.
_____/

**ORDER DENYING DEFENDANT'S PRETRIAL MOTIONS
[Docs. 243, 244, 245, 246, 247, 248, 249 and 250] AND
CO-DEFENDANTS' JOINDERS IN SAID MOTIONS
[Docs. 281, 282, 283, 284, 285, 287, 289, 290, 291, 292, 293 and 295]**

          This matter comes before the court on defendant Quincy Graham's eight pretrial

motions.  Each of the motions has been joined by co-defendants Arlandis Shy, Eugene

Fisher, Jeffery Adams, Robert Brown, Jerome Gooch, Billy Arnold, Steven Arthur,

Diondre Fitzpatrick, Devon Patterson and Christopher Owens.  The government filed

responses to the motions.  The court has determined that oral argument would not

significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is

ORDERED that the motion be resolved without oral argument.

**1.     Motion for Bill of Particulars [Doc. 243]**

          Defendant's motion requests that the court direct the government to "[i]dentify the

times, places, circumstances, witnesses, and approximate times" the defendant

committed the racketeering acts alleged in Count One.

          An indictment "must be a plain, concise, and definite written statement of the

essential facts constituting the offense charged and must be signed by an attorney for

the government."  Fed. R. Crim. P. 7(c).  An indictment satisfies constitutional

-1-

requirements so long as it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

A bill of particulars is a device used to minimize surprise and assist defendant in obtaining information needed to prepare a defense and to preclude a second prosecution for the same crimes. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). In this case, the government has provided defense counsel with discovery materials, including law enforcement reports for acts occurring in Michigan and West Virginia, forensic test results, and social media account information. This discovery identifies the people involved, the officers who made the arrests, and the evidence seized.

Between the details provided in the second superseding indictment and those contained in the discovery materials, the defendant has been fairly informed of the charges he must defend against, and is able to plead an acquittal or conviction in bar of future prosecutions for the same offense. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for a bill of particulars is DENIED.

## 2.   Motion for Production of All Co-Defendants' Statements [Doc. 244]

Defendant asks for an order that the government turn over statements of non-cooperating co-defendants made to law enforcement authorities that the government intends to offer as evidence in trial in order to avoid any issues implicating *Bruton v. United States*, 391 U.S. 123 (1968). The court believes this motion is premature until such time that trial groups have been established because the type of statements

requested to be produced only present an issue between defendants who are tried together.  Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for production of co-defendants' statements is DENIED without prejudice and may be renewed once the court has identified trial groupings in this case.

**3.    Motion for Pretrial Disclosure of All Evidence Which the Government Intends to Offer Pursuant to Rule 404(b) of the Federal Rules of Evidence [Doc. 246]**

Defendant asks for an order that the government disclose all evidence it intends to offer under Fed. R. Evid. 404(b) at least 30 days before trial.  The government responds that it is not aware of any such evidence it intends to present.  The government states that it understands its obligations under Rule 404(b) and will file any required notice in a timely manner. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for disclosure of Rule 404(b) evidence is DENIED as moot.

**4.    Motion for Early Production of Jencks Material [Doc. 245]**

Defendant asks for early production of Jencks material at least 60 days prior to trial.  The government responds that it is its practice in racketeering cases to produce Jencks materials at least 30 days prior to trial unless there are specific safety concerns for a particular witness.  Given the nature of the charges in this case, which include murder and assault with dangerous weapons, the court agrees that the government's proposal is appropriate.  Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for early production of Jencks material is DENIED.

5.      **Motion for Disclosure of Expert Witness Testimony [Doc. 247]**

Fed. R. Crim. P. 16(a)(1)(G) provides that upon defendant's request, "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence." In its motion, defendant asks for early disclosure of expert witness testimony at least 60 days prior to trial. The government acknowledges its obligation to make timely notice to the defendants of its intent to introduce such expert witness testimony in its case-in-chief. Defendant has not shown any compelling need to have such information 60 days prior to trial. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for disclosure of expert witness testimony is DENIED as moot.

6.      **Motion for Agents and Law Enforcement to Retain Rough Notes and for Production Prior to Trial [Doc. 248]**

Defendant asks the court to enter an order requiring any government agents and law enforcement officers who have investigated the charges in this case to retain and preserve their rough notes and that such materials be produced in a timely fashion prior to trial. The government responds that it will retain the rough notes that federal agents have made, as well as those it obtains from state investigators. The government avers that it is aware of its obligations with regard to disclosing rough notes and will do so in a timely manner. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for agents and law enforcement to retain rough notes and for production prior to trial is DENIED as moot.

7.      **Motion for Witness List [Doc. 249]**

Defendant moves that the court order the government to provide a list of witnesses it intends to call at trial at least 30 days before trial to allow for effective

investigation and preparation.  The government agrees to do so, with the caveat that if there are specific safety concerns for a particular witness the government may make an *ex parte* motion to the court to allow for later disclosure of those witnesses.  Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for witness list is DENIED as moot.

8.    **Motion to Reveal Identity of Informants and Contents of Deals [Doc. 250]**

Defendant moves that the court order the government to reveal the identity of informants and the contents of any deals at least 60 days prior to trial.  The government responds that it will fully comply at least 30 days prior to trial as required by law.  Now, therefore,

IT IS HEREBY ORDERED that defendant's motion to reveal identify of informants and contents of deals is DENIED as moot.

IT IS SO ORDERED.

Dated:  October 24, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 24, 2016, by electronic and/or ordinary mail.

s/David Parker
Deputy Clerk