UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 15-20652

HON. GEORGE CARAM STEEH

D-1  BILLY ARNOLD,
D-5  QUINCY GRAHAM,
D-7  JEROME GOOCH,
D-8  MICHAEL ROGERS,
D-12 JEFFERY ADAMS,

    Defendants.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO EMPANEL A SEMI-ANONYMOUS JURY [DOC. 584]

This matter is before the court on the government's motion to empanel a semi-anonymous jury for Trial Group #1. The government asks that the court permit counsel for both parties to be privy to the names of potential jurors, but not to share that information with anyone else, including the defendants. The government also asks that the court order that neither party is permitted to conduct their own investigation outside of court to corroborate what a potential juror says in their questionnaire or in voir dire, and that surveillance or monitoring of juror's use of social media

similarly not be permitted. Defendants Billy Arnold and Jeffery Adams filed objections to the government's motion.

It is well-established in the Sixth Circuit that "[t]he decision to empanel an anonymous jury is within the sound discretion of the trial court." *United States v. Lawson*, 535 F.3d 434, 439 (6th Cir. 2008). The United States Code and Local Court Rules expressly permit anonymous juries when the interest of justice so requires. *See* 28 U.S.C. § 1863(b)(7); Eastern District of Michigan's Juror Selection Plan, 13-AO-016, § (t)(3). A district court is to look at the totality of the circumstances, including the number of defendants, the nature of the charges, an association with an organization with a long history of crime or violence, and the length of potential sentences. *United States v. Warman*, 578 F.3d 320, 344 (6th Cir. 2009).

The Sixth Circuit has recognized that circumstances where "the anonymity of a jury should be preserved" include those where (1) the defendants are alleged to have participated "in large scale organized crime, and who participated in mob-style killings and had previously attempted to interfere with the judicial process;" (2) the "defendants have had a history of attempted jury tampering and serious criminal records;" or "there are "allegations of dangerous and unscrupulous conduct by the defendant[s],

coupled with extensive pretrial publicity." *United States v. Talley*, 164 F.3d 989, 1001-02 (6th Cir. 1999).

When deciding whether to empanel an anonymous jury, "the court must ensure that the defendant retains his or her right to an unbiased jury by conducting a voir dire designed to uncover bias as to issues in the cases and as to the defendant himself, and by providing the jury a neutral and nonprejudicial reason for requiring that it be anonymous, so that jurors will refrain from inferring that anonymity was necessary due to the character of the defendant." *Talley*, 164 F.3d at 1001-02.

In this case, the defendants in Trial Group #1, along with those in Trial Groups #2 and 3, as well as other persons not named in the Fifth Superseding Indictment, are alleged to be members of a violent criminal enterprise with a history of crime and violence, known as the Seven Mile Bloods. The indictment includes allegations of murders and shootings occurring over a period of years. Discovery documents acts committed by defendant Arnold of violence against witnesses in previous prosecutions. The "dangerous and unscrupulous" nature of the criminal organization is one factor the court considers in making its determination whether to empanel an anonymous jury in the interest of justice and juror safety.

The charges articulated in the Fifth Superseding Indictment, brought against all members of Trial Group #1, include one count of RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Defendant Arnold faces multiple additional charges ranging from murder and attempted murder in aid of racketeering, to use of a firearm during and in relation to a crime of violence resulting in death. If convicted, defendants will face lengthy sentences, increasing the likelihood that they might "resort to extreme measures to influence the outcomes of their trials." *Warman*, 578 F.3d at 344.

Preserving the anonymity of the jury will not unfairly prejudice defendants or implicate their presumptions of innocence because of safeguards which are already part of the court procedure. In addition, the parties have prepared an extensive pretrial questionnaire, which requires the prospective jurors to answer detailed questions about their communities, education, and work experiences. *See United States v. Kilpatrick*, 2012 WL 3237147, *3 (E.D. Mich. 2012). Of course the defendants will have another level of bias-protection from potential jurors in the in-court voir dire. The court will also give the jurors a neutral and non-

prejudicial reason to explain why their anonymity is required, such as that cited with approval by the *Tally* court:

> This case is one where there is likely to be a good bit . . . of media interest, because it is important to all of the parties that there not be any media contact with jurors . . . until this case is over, we are using your juror numbers during this process and at all times do not give me your names, do not give the parties your names, but always when you are addressing the court refer to your juror number. We do this for your benefit to make sure . . . that you are not bothered or approached by any media about this case or any aspect of it.

*Tally*, 164 F.3d at 1002 n.7.

The government requests that the court order that neither party is permitted to conduct their own investigation outside of court in an attempt to corroborate what a potential juror says in voir dire, or their questionnaire, and that surveillance or monitoring of jurors' use of social media is similarly not permitted. Defendant Adams opposes the government's request and asks that defense counsel be allowed to search jurors' social media accounts to assure that the jurors have not violated their oaths. There is no authority supporting a right to investigate jurors outside the courtroom. In fact, in most cases, jurors' names are provided to counsel on the day of jury selection and there is no opportunity to undertake an investigation outside the courtroom. In this case, counsel will have the benefit of jury

questionnaires in advance, which should provide a wealth of information that can be explored during individual voir dire.  Now, therefore,

IT IS HEREBY ORDERED that the government's motion to empanel a semi-anonymous jury is GRANTED.

IT IS HEREBY FURTHER ORDERED that counsel for both sides will be privy to names of potential jurors, but they may not share that information with anyone else on their team that is not counsel of record, including defendants.

IT IS HEREBY FURTHER ORDERED that neither party may conduct their own investigation so as to corroborate statements in the juror questionnaires, or statements made during voir dire, or to ensure that jurors or potential jurors have not violated their oath or the court's directions.  This prohibition extends to searches of the social media accounts of jurors and potential jurors.

IT IS SO ORDERED.

Dated:  December 20, 2017

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

- 7 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 20, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk