UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-12 JEFFERY ADAMS,

        Defendant.
_____/

Case No. 15-20652

HON. GEORGE CARAM STEEH

**ORDER DENYING DEFENDANT'S
MOTION TO EXCLUDE USE OF THE TERM
"GANG" AND ITS DERIVATIVES [DOC. 799]**

      This matter is before the court on defendant Jeffery Adams' motion in limine to exclude use of the term "gang" and its derivatives when referring to the Seven Mile Bloods or is members, during the trial and whenever jurors are present during the course of the trial. The motion was joined in by defendant Quincy Graham [doc. 807]. The motion has been briefed and the court does not believe it would be further aided by oral argument. For the reasons stated below, defendant's motion to exclude use of the term "gang" is DENIED.

      The government argues that the use of the term "gang" during trial will be relevant given the ongoing shootings between the gang members on Detroit's east side in 2014-2015 and the signs and markings utilized by the

defendants to identify and distinguish themselves from other groups. The defendant and his co-defendants regularly describe SMB as a gang in their social media posts, which the government will be seeking to introduce into evidence. The government gives examples of six Facebook posts from defendant Adams' account in which he uses the word "gang." Each post is a separate Overt Act for the RICO conspiracy count.

Defendant's primary contention is that the use of the term "gang" creates a danger of unfair prejudice that outweighs any probative value. Defendant cites the court to several cases, but they do not stand for the proposition that he puts forth. Defendant cites to the Seventh Circuit case *United States v. Irvin*, 87 F.3d 860, 863-67 (7th Cir. 1996), which discusses the probative and prejudicial nature of "gang evidence" but does not preclude the term "gang" from being used at trial. A court in this district analyzes the reliability of a particular expert's testimony with respect to gangs (finding the expert's proposed testimony to be unreliable and irrelevant and thus inadmissible where the expert had no knowledge of the particular gang he would be testifying about), but the court did not hold that testimony about gangs is never relevant. *United States v. Norwood*, 16 F. Supp. 3d 848, 861-65 (E.D. Mich. 2014).

Webster's Dictionary defines the word "gang" as a meaning "a group of people who socialize regularly." Its secondary definition is "a group of

criminals or hoodlums who band together for mutual protection and profit." *See* Webster's II New College Dictionary 460, Houghton Mifflin, 2001. The government contends that it will show at trial that SMB meets both definitions. The government characterizes the motion as an artificial attempt to sanitize the facts of the case.

As the government points out, defendants use the term "gang" to describe themselves. The term "gang" has been used in the juror questionnaire, which has already been seen by all potential jurors. Furthermore, the term "gang" is a fair and accurate characterization of the Seven Mile Bloods. While the court has broad discretion to make determinations as to relevance and unfair prejudice, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006). "[U]nflattering characterizations" by the government are not improper if they are supported by the evidence at trial. *United States v. Wheeler*, 137 F. App'x. 304, 305-06, 310 (11th Cir. 2005) (finding that the prosecutor's remarks in opening statements, which included the prosecutor saying, "[t]he evidence is going to show the Outlaw Motorcycle Club is a gang," were proper because the remarks outlined evidence of the RICO conspiracy and were grounded in facts later proved during trial).

The federal grand jury has charged defendants with conspiring to participate in the conduct of the affairs of SMB, which is a conspiracy that consisted of racketeering activity including murder, attempted murder, drug trafficking, obstruction of justice, and other violent crimes. The Sixth Superseding Indictment makes specific references to "gangs." The government's evidence will show that the defendants engaged in criminal activity systematically, repeatedly, pervasively, and as a group enterprise as opposed to as individuals. The term "gang" is descriptive and is a fair characterization of the evidence that will be introduced at trial, so any possible prejudice resulting from its use is not unfairly prejudicial. Now, therefore,

IT IS HEREBY ORDERED that defendant Adams' motion to exclude use of the term "gang" and its derivatives is DENIED.

So ordered.

Dated: January 22, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk