UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                        Case No. 15-20652
vs.                      HON. GEORGE CARAM STEEH

D5 QUINCY GRAHAM,
D7 JEROME GOOCH,
D12 JEFFERY ADAMS,

        Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION
FOR JUDGMENT OF ACQUITTAL [ECF NO. 971]

At the close of the government's case following a six week trial, the defendants reserved their right to file motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). A motion was filed by defendants Quincy Graham, Jerome Gooch and Jeffery Adams on May 1, 2018. The government moved to extend the deadline to file their response brief until September 28, 2018. The motion to extend was granted, and a corresponding extension was given to defendants to file a reply brief. However, because the re-trial of the three defendants is scheduled to commence on October 9, 2018, before briefing will be complete, the court is prepared to rule on the pending Rule 29 motion for

judgment of acquittal without further briefing. The court is familiar with the evidence that was presented at trial and believes it would not be aided by additional briefing.

"[A] defendant claiming insufficiency of the evidence bears a heavy burden." *United States v. Maliszewski,* 161 F.3d 992, 1005 (6th Cir.1998). "In reviewing a claim of insufficient evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Salgado*, 250 F.3d 4338, 446 (6th Cir. 2001) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The Government "must present substantial evidence as to each element of the offense." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citations omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). "The government may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *Salgado*, 250 F.3d at 446 (citing

*United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir. 1995)). "In assessing the sufficiency of the evidence, 'we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury.'" *Id.* (citing *United States v. Wright,* 16 F.3d 1429, 1440 (6th Cir. 1994)).

Defendants argue that the government failed to present sufficient evidence to prove each element of Count 1, RICO Conspiracy. Considering the entire body of evidence that was presented at trial, the court finds that the government in fact produced substantial evidence from which the jury could conclude that each element required for RICO Conspiracy was satisfied as to each defendant. Defendants next argue that Count 32, Possession of a Firearm in Furtherance of a Crime of Violence, is predicated on of a finding of guilt as to the RICO offense. The court agrees with defendants. However, having found that the government presented substantial evidence as to each element of RICO Conspiracy, as well as the other elements required for the possession charge, the court denies the request to dismiss Count 32.

Defendants also contend that the government failed to provide sufficient evidence at trial to substantiate Enhancement 11, which alleges conspiracy to assault rival gang members with intent to commit murder.

The court disagrees and concludes that the evidence produced at trial was substantial such that the jury could conclude that the alleged killings or attempted killings were part of the RICO conspiracy as opposed to a personal vendetta of Billy Arnold.

Finally, defendants argue that the charges brought by the government were based on racial biases and are therefore unconstitutional. The court finds that the defendants have provided no evidence to support this argument.

For the reasons stated above, defendants' motion for a judgment of acquittal is DENIED.

IT IS SO ORDERED.

Dated: September 5, 2018

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 5, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk