UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER 15-cr-20652

-v-        HON. GEORGE CARAM STEEH

D-5 QUINCY GRAHAM,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S LETTER TO THE COURT (ECF NO. 1664) AND MOTION TO CLARIFY SENTENCE (ECF NO. 1686)**

For just under six months in 2016, Quincy Graham, a long-standing, older, member of the Seven Mile Bloods [SMB] gang, was federally detained pending trial in two cases in the Eastern District of Michigan. In case number 15-cr-20546, Graham pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g), before the Honorable Denise Page Hood on December 15, 2015 ("922(g) case"). Graham had been detained pending trial on the 922(g) case since his initial appearance on August 26, 2015. *See* 15-cr-20546, ECF No. 7, PageID.11, Order Scheduling a Detention Hearing; ECF No. 9, PageID.13, Order of Detention Pending Trial; ECF No. 20, PageID.45, Order Denying Defendant's Motion for Revocation of Detention Order.

In addition, Graham was indicted on the SMB RICO conspiracy case at bar

1

("RICO case") on February 17, 2016. ECF No. 46. He consented to detention on March 15, 2016. On October 4, 2016, Judge Hood sentenced Graham on the 922(g) case to 27 months incarceration. 15-cr-20546, ECF No. 34, PageID.102-03. Graham now moves this Honorable Court to clarify its sentence to add credit for Graham's time while detained pending trial on the RICO case between March 15, 2016 (the date he consented to detention in the RICO case) and October 4, 2016 (the date he was sentenced in the 922(g) case). Doing so would violate the double crediting prohibition in 18 U.S.C. § 3585(b). Therefore, the Court should deny Graham's motion.

**18 U.S.C. § 3585(b) Prohibits Double Crediting Of Credit for Prior Custody**

Calculation of a term of imprisonment is governed in 18 U.S.C. § 3585. The Bureau of Prisons (BOP), and not the district court, is responsible for administering the sentence and determining the credit for time served prior to custody. *United States v. Wilson,* 503 U.S. 329, 333-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). 18 U.S.C. § 3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>    (1) as a result of the offense for which the sentence was imposed; or
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

(emphasis added). Graham was detained on the 922(g) case from his initial

2

appearance on August 26, 2015 to the date Judge Hood sentenced him on October 4, 2016. BOP gave him the thirteen and a half months credit between those dates towards his 922(g) sentence of 27 months. That is why Graham completed his 922(g) sentence ten months later on August 4, 2017. BOP cannot also give Graham credit to the RICO case for the time between March 15 and October 4, 2016 when he was detained pending trial in both cases because it was already given on the 922(g) case. *See Wilson,* 503 U.S. at 337, 112 S.Ct. 1351 ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."); and *Blood v. Bledsoe,* 648 F.3d 203, 209 (3d Cir. 2011). Section 3585(b) is crystal clear: Graham cannot "double dip," i.e. get credit for both cases between March 15 and October 4, 2016, because that time was *already* "credited against another sentence"—his 922(g) case sentence.

### The Plea Agreement and Court's Sentence Already Took into Account the Time Served on the 922(g) Case

The parties understood the operation of 18 U.S.C. § 3585 and reached a plea agreement that expressly captured that mutual understanding. Specifically, the parties in the Rule 11 plea agreement understood that Graham would only get credit against his RICO sentence from the time *after* he finished his 922(g) sentence and took into account the fact that Graham had been sentenced to 27 months incarceration in the agreement. In the Rule 11 agreement, the parties agreed to a binding cap of 84 months of incarceration as the upper limit to which

the Court could sentence Graham for the RICO case. In doing so, the parties stated they "further agree that this binding sentencing cap of 84 months takes into consideration, and accounts for, the fact that defendant has already been sentenced to and served 27 months of imprisonment for his conviction in [922(g) case]." ECF No. 1199, PageID.15451. Additionally, to specifically address the concern that Graham now moves this Court to clarify, the Rule 11 agreement states, "the parties further agree and understand that, pursuant to 18 U.S.C. § 3585(b), defendant will receive credit from the Bureau of Prisons toward the service of his sentence in the [RICO case] for the time he has served in detention on the instant case—that is, for the time he has served in pretrial detention *from the end date of his sentence* in [the 922(g) case] up to the date his sentence commences in the [RICO case]." ECF No. 1199, PageID.15451-452 (emphasis added). Thus, the parties, at the plea on September 13, 2018, clearly understood that Graham would only start to receive credit towards the sentence on the RICO case after his sentence ended on the 922(g) case that is, August 4, 2017.

In addition, the Court specifically took into account the fact that Graham was detained on both cases between March 15 and October 4, 2016, when it sentenced Graham to a below guidelines sentence of 67 months in the instant RICO case. In Graham's Judgment in a Criminal Case, the Court explained that it "considered, among other factors, the defendant's time in custody from March 15,

4

2016 to October 4, 2016 on [the RICO and 922(g) cases]." ECF No. 1324, PageID.17588. Thus, the parties and the Court were all aware of how BOP would properly apply the law, only assessing the credit towards the 922(g) case; and the Court decided to sentence Graham 17 months below the bottom of the guidelines, in part, because of that fact.

## Conclusion

The government moves this Honorable Court to deny Graham's Motion for an order clarifying sentence as the operation of 18 U.S.C. § 3585(b) is clear, and the agreement of the parties expressed in the Rule 11 plea agreement and the intention of the Court expressed in the Judgment comply with the law and are also clear.

Respectfully submitted,

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

/s/ *Rajesh Prasad*
Rajesh Prasad
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: 313-226-0821
E-Mail: Rajesh.Prasad@usdoj.gov

Dated: November 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 13, 2020</u>, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael Rataj, Attorney for Defendant

In addition, a copy will be mailed to the non-ECF party:

Quincy Graham
Reg. No. 51373-039
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

<u>s/Rajesh Prasad</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  313-226-0821
E-Mail: Rajesh.Prasad@usdoj.gov
