UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.

QUINCY GRAHAM,

       Defendant.
_____/

Case No. 15-20652-05

HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION FOR
ORDER CLARIFYING SENTENCE [ECF NO. 1686]

    The matter is presently before the court on defendant Quincy Graham's motion for an order clarifying his sentence (ECF No. 1686). The matter has been fully briefed and the Court does not believe it will be aided by oral argument. For the reasons stated below, defendant's motion for an order clarifying his sentence is DENIED.

    On August 26, 2015, Mr. Graham was charged with violating 18 U.S.C. §922(g) (the "922(g) case") and was taken into federal custody. The matter initially started out as a state case in the Wayne County Circuit Court. The 922(g) case was before the Honorable Denise Page Hood. Mr. Graham pleaded guilty as charged on December 15, 2015.

- 1 -

Mr. Graham was indicted in this RICO case on March 1, 2016. Mr. Graham consented to detention on March 15, 2016. Mr. Graham was sentenced by Judge Hood in the 922(g) case on October 4, 2016. Mr. Graham received a 27-month sentence. This sentence expired on August 4, 2017. The trial in the RICO case began on January 31, 2018, and ended on March 16, 2018, when this Court declared a mistrial.

On September 13, 2018, Mr. Graham pleaded guilty to Count 1 of the Sixth Superseding Indictment. Mr. Graham was sentenced by this Court on February 21, 2019 to 67 months.

Mr. Graham seeks an order crediting him for time served from March 15, 2016, the date he consented to detention in this case, to October 4, 2016, the date he was sentenced in the "922(g) case".

The statute that provides how credit is to be granted for time served in custody prior to sentencing provides:

> (b) Credit For Prior Custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. §3585.

Mr. Graham was under two Orders of Detention during the 203-day period between March 15, 2016 and October 4, 2016.  Mr. Graham argues that he should receive credit for this period against his sentence in the RICO case pursuant to 18 U.S.C. §3585.  Graham asks the Court to issue an order clarifying to the Bureau of Prisons that he be granted such credit.

Both parties acknowledge that the Bureau of Prisons (BOP), and not the district court, is responsible for administering the sentence and determining the credit for time served prior to custody.  *United States v. Wilson*, 503 U.S. 329, 333-35 (1992).  Graham was detained on the 922(g) case from his initial appearance on August 26, 2015 to the date Judge Hood sentenced him on October 4, 2016.  BOP gave him the thirteen and a half months credit between those dates towards his 922(g) sentence of 27 months.  Graham completed his 922(g) sentence ten months later on August 4, 2017.  BOP cannot also give Graham credit to the RICO case for the time between March 15 and October 4, 2016 when he was detained pending trial in both cases because it was already given on the 922(g) case.  *See Wilson*, 503 U.S. at 337 ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time.").

The Rule 11 plea agreement reflects that the parties understood Graham would only get credit against his RICO sentence from the time after he finished his 922(g) sentence and accounted for the fact that Graham had been sentenced to 27 months' incarceration on that case.  In the Rule 11 agreement, the parties agreed to a binding cap of 84 months of incarceration as the upper limit to which the Court could sentence Graham for the RICO case.  The parties stated they "further agree that this binding sentencing cap of 84 months takes into consideration, and accounts for, the fact that defendant has already been sentenced to and served 27 months of imprisonment for his conviction in [922(g) case]." (ECF No. 1199, PageID.15451).  Most relevant to the issue before the Court, the Rule 11 agreement states, "the parties further agree and understand that, pursuant to 18 U.S.C. § 3585(b), defendant will receive credit from the Bureau of Prisons toward the service of his sentence in the [RICO case] for the time he has served in detention on the instant case—that is, for the time he has served in pretrial detention from the end date of his sentence in [the 922(g) case] up to the date his sentence commences in the [RICO case]." (ECF No. 1199, PageID.15451-452).  Thus, the parties, at the plea hearing on September 13, 2018, clearly understood that Graham would only start to receive credit towards the sentence on the RICO case after his sentence

ended on the 922(g) case.   This understanding coincides with the Supreme Court's interpretation of 18 U.S.C. § 3585(b).   *Wilson*, 503 U.S. at 337.

In addition, the Court specifically considered the fact that Graham was detained on both cases between March 15 and October 4, 2016, when it sentenced Graham to a below guidelines sentence of 67 months in the RICO case.   In the Judgment, the Court explained that it "considered, among other factors, the defendant's time in custody from March 15, 2016 to October 4, 2016 on [the RICO and 922(g) cases]." (ECF No. 1324, PageID.17588).

Now, therefore, for the reasons stated above,

IT IS HEREBY ORDERED that defendant's motion for an order clarifying sentence is DENIED.

Dated:   December 3, 2020

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 3, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---